15 Civ. 4742 (RRM) (SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

POONITA BEEMSIGNE,

                                                        Plaintiff,

                    -against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                                        Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S' MOTION TO DISMISS THE
COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*

*Attorney for Defendant*
*100 Church Street, Rm. 2-112*
*New York, New York  10007*

*Of Counsel:  Sean R. Renaghan*
*Tel:  (212) 356-2452*
*Matter No.:  2015-047274*

Lawrence Profeta,
Sean R. Renaghan,
   Of Counsel.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ................................................................................. 2

ARGUMENT ....................................................................................................... 9

       POINT I ..................................................................................................... 9

       THE COMPLAINT FAILS TO STATE A CLAIM.................................. 9

          A.   Plaintiff Fails to Plausibly Plead a Claim of
               Disparate Treatment Discrimination................................................. 10

               (i)   Plaintiff Has Not Alleged Facts That
                     Plausibly Give Rise to Even a Minimal
                     Inference of Discrimination. ....................................... 11

               (ii)  Plaintiff Has Not Suffered an Adverse
                     Employment Action Under Title VII or the
                     SHRL. ..................................................................... 14

          B.   Plaintiff Has Failed to Plausibly Allege a
                Hostile Work Environment................................................................ 16

          C.   Plaintiff's Has Failed to Plausibly Allege
                Retaliation..................................................................................... 18

               (i)   Plaintiff Has Not Alleged Facts That
                     Plausibly Establish a Causal Connection to
                     Any Purported Protected Activity............................... 19

               (ii)  Plaintiff's Retaliation Claims Do Not Set
                     Forth an Adverse Employment Action
                     Under Either Title VII or the SHRL. ......................... 21

       CONCLUSION............................................................................................. 23

## TABLE OF AUTHORITIES

**Cases**

Alfano v. Costello,
    294 F.3d 365 (2d Cir. 2002)......................................................................16, 17

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)......................................................................................9

Bell Atl. Corp v. Twombly,
    550 U.S. 544 (2007)......................................................................................9

Blythe v. City of New York,
    No. 08-CV-2843 (RRM) (CLP), 2013 U.S. Dist. LEXIS 109701
    (E.D.N.Y. Aug. 5, 2013).............................................................................14

Brown v. City of New York,
    14 Civ. 2668 (PAE), 2014 U.S. Dist. LEXIS 150577
    (S.D.N.Y. Oct. 23, 2014),
    aff'd, 622 F. App'x 19, 19 (2d Cir. 2015).................................................20

Brown v. Coach Stores,
    163 F.3d 706 (2d Cir. 1998).....................................................................18

Brown v. Daikin Am., Inc.,
    756 F.3d 219 (2d Cir. 2014).....................................................................10

Browne v. City Univ. of N.Y.,
    419 F. Supp. 2d 315 (E.D.N.Y. 2005),
    aff'd, 202 F. App'x 523 (2d Cir. 2006)...............................................14, 16

Burlington Northern & Santa Fe Ry. v. White,
    548 U.S. 53 (2006)....................................................................................21

Castro v. New York City Bd. of Educ. Personnel Dir.,
    96 Civ. 6314 (MBM), 1998 U.S. Dist. LEXIS 2863
    (S.D.N.Y. Mar. 11, 1998).........................................................................16

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002).......................................................................2

Chin v. N.Y.C. Hous. Auth.,
    106 A.D.3d 443 (1st Dep't 2013),
    appeal denied, 22 N.Y.3d 861 (2014)......................................................11

Chung v. City Univ. of N.Y.,
      12 Civ. 4045 (GBD)(RLE), 2014 U.S. Dist. LEXIS 124601
      (S.D.N.Y. Aug. 26, 2014) .............................................................................16, 20

Clark County Sch. Dist. v. Breeden,
      532 U.S. 268 (2001) ....................................................................................20

Costello v. New York State Nurses Ass'n,
      783 F. Supp. 2d 656 (S.D.N.Y. 2011) ........................................................18

Cox v. Onondaga Cnty. Sheriff's Dep't,
      760 F.3d 139 (2d Cir. 2014) ........................................................................21

Davis-Molinia v. Port Auth. of N.Y. & N.J.,
      08 CV 7584, 2011 U.S. Dist. LEXIS 93868
      (S.D.N.Y. Aug. 19, 2011),
      aff'd, 488 F. App'x 530 (2d Cir. 2012) .......................................................18

Deras v. Metro. Transp. Auth.,
      11-CV-5912 (RRM) (CLP), 2013 U.S. Dist. LEXIS 40456
      (E.D.N.Y. Mar. 22, 2013) ...........................................................................12

Dooley v. Jetblue Airways Corp.,
      No. 15-1356-cv, 2015 U.S. App. LEXIS 22046
      (2d Cir. Dec. 18, 2015) ...............................................................................13

Dowrich-Weeks v. Cooper Square Realty, Inc.,
      535 F. App'x 9 (2d Cir. 2013) .....................................................................15

Drummond v. IPC Int'l, Inc.,
      400 F. Supp. 2d 521 (E.D.N.Y. 2005) ........................................................13

Fattoruso v. Hilton Grand Vacations Co.,
      525 F. App'x 26 (2d Cir. 2013) ...................................................................19

Fosen v. New York Times,
      No. 03-cv-3785, 2006 U.S. Dist. LEXIS 75662
      (S.D.N.Y. Oct. 11, 2006) .............................................................................13

Galabya v. N.Y.C. Bd. of Educ.,
      202 F.3d 636 (2d Cir. 2000) ........................................................................14

Giscombe v. N.Y.C. Dep't of Educ.,
      No. 12 Civ. 464 (LTS) (KNF), 2013 U.S. Dist. LEXIS 27941
      (S.D.N.Y. Feb 28, 2013) ..............................................................................14

Hernandez v. City of New York,
   No. 11-CV-3521 (SJ) (RER), 2013 U.S. Dist. LEXIS 31793
   (E.D.N.Y. Feb. 13, 2013)........................................................................11, 12

Hicks v. Baines,
   593 F.3d 159 (2d Cir. 2010)...................................................................21

Hollander v. American Cyanamid Co.,
   895 F.2d 80 (2d Cir. 1990)......................................................................20

Inguanzo v. Hous. & Servs., Inc.,
   12-CV-8212 (ER), 2014 U.S. Dist. LEXIS 132197
   (S.D.N.Y. Sept. 19, 2014).......................................................................16

Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.,
   716 F.3d 10 (2d Cir. 2013)..............................................................18, 19

La Grande v. DeCrescente Distrib. Co.,
   370 F. App'x 206 (2d Cir. 2010) ...........................................................14

Lakonia Management Ltd. v. Meriwether,
   106 F. Supp. 2d 540 (S.D.N.Y. 2000).....................................................2

Littlejohn v. City of New York,
   795 F.3d 297 (2d Cir. 2015)........................................................10, 12, 19

Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.,
   483 F. App'x 660 (2d Cir. 2012) ...........................................................14

Mandell v. Cnty. of Suffolk,
   316 F.3d 368 (2d Cir. 2003)...................................................................12

McDonnell Douglas Corp. v. Green,
   411 U.S. 792 (1973)..............................................................................9, 10

McGuinness v. Lincoln Hall,
   263 F.3d 49 (2d Cir. 2001)......................................................................11

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
   715 F.3d 102 (2d Cir. 2013)..............................................................10, 17

Nicastro v. N.Y. City Dep't of Design & Constr.,
   125 F. App'x 357 (2d Cir. 2005) ...........................................................20

Nugent v. St. Luke's/Roosevelt Hosp. Ctr.,
   05 Civ. 5109 (JCF), 2007 U.S. Dist. LEXIS 28274
   (S.D.N.Y. Apr. 18, 2007),
   aff'd, 303 F. App'x 943 (2d Cir. 2008)..................................................18

Oncale v. Sundowner Offshore Servs.,
   523 U.S. 75 (1998).................................................................................................16

Ortiz v. Standard & Poor's,
   No. 10 Civ. 8490 (NRB), 2011 U.S. Dist. LEXIS 99122
   (S.D.N.Y. Aug. 29, 2011) .....................................................................................11

Pearson-Fraser v. Bell Atl.,
   No. 01 Civ. 2343 (WK), 2002 U.S. Dist. LEXIS 25216
   (S.D.N.Y. Oct. 15, 2002) .....................................................................................11

Petyan v. N.Y. City Law Dep't,
   14-CV-1434 (GBD) (JLC), 2015 U.S. Dist. LEXIS 53380
   (S.D.N.Y. Apr. 23, 2015),
   adopted by, 2015 U.S. Dist. LEXIS 88188 (S.D.N.Y. July 2, 2015)......................21

Ragin v. E. Ramapo Cent. Sch. Dist.,
   05 Civ. 6496 (PGG), 2010 U.S. Dist. LEXIS 32576
   (S.D.N.Y. Mar. 31, 2010),
   aff'd, 417 F. App'x 81 (2d Cir. 2011)....................................................................22

Redd v. New York State Div. of Parole,
   923 F. Supp. 2d 371 (E.D.N.Y. 2012) ...................................................................19

Riddle v. Citigroup,
   15-233-cv, 2016 U.S. App. LEXIS 3667
   (2d Cir. Feb. 29, 2016)..........................................................................................20

Roman-Malone v. City of New York,
   11 Civ. 8560 (PAC), 2013 U.S. Dist. LEXIS 104368
   (S.D.N.Y. July 25, 2013) ......................................................................................12

Ruiz v. County of Rockland,
   609 F.3d 486 (2d Cir. 2010)...................................................................................10

Slattery v. Swiss Reinsurance Am. Corp.,
   248 F.3d 87 (2d Cir. 2001).....................................................................................20

Sotomayor v. City of New York,
   862 F. Supp. 2d 226 (E.D.N.Y. 2012),
   aff'd, Docket No. 12-2319-cv, 2013 U.S. App. LEXIS 7357
   (2d Cir. Apr. 11, 2013)...........................................................................................16

Spaulding v. N.Y. City Dep't of Educ.,
   No. 12 Civ. 3041 (KAM) (VMS); 2015 U.S. Dist. LEXIS 127076
   (E.D.N.Y. Feb. 19, 2015),
   adopted by, 2015 U.S. Dist. LEXIS 126292 (E.D.N.Y. Sept. 21, 2015)................15

Taylor v. N.Y.C. Dep't of Educ.,
    11-CV-3582, 2012 U.S. Dist. LEXIS 170917
    (E.D.N.Y. Nov. 30, 2012) ................................................................................14, 15

Ulrich v. Moody's Corp.,
    No. 13-CV-00008 (VSB), 2014 U.S. Dist. LEXIS 138082
    (S.D.N.Y. Sept. 30, 2014) ...................................................................................15

Univ. of Tex. Southwestern Med. Ctr. v. Nassar,
    133 S. Ct. 2517 (2013) ........................................................................................19

White v. Pacifica Found.,
    973 F. Supp. 2d 363 (S.D.N.Y. 2013) .................................................................13

**Statutes**

Title VII of the Civil Rights Act of 1964 ("Title VII") ........................................ *passim*

New York City Human Rights Law ("CHRL") .................................................... *passim*

New York State Human Rights Law ("SHRL") ................................................... *passim*

**Other Authorities**

FRCP 12(b)(6) ...........................................................................................................9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

POONITA BEEMSIGNE,

         Plaintiff,

                15 Civ. 4742 (RRM) (SMG)

    -against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

         Defendant.

------------------------------------------------------------------ x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### PRELIMINARY STATEMENT

    Plaintiff, Poonita Beemsigne, a tenured teacher employed by the New York City Department of Education ("DOE"), commenced this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL"), claiming that she was discriminated and retaliated against and subjected to a hostile work environment on the basis of her gender, national origin (Asian Guyanese), and religion (Hindu).  Specifically, Plaintiff complains about the supervisory feedback and adequacy of the training she received, the population of students in her classes, and being accused of submitting a false line of duty injury report, all during the 2014-2015 school year.

    As demonstrated more fully below, Plaintiff's Complaint should be dismissed. Plaintiff apparently believes that every criticism or difficulty she encountered during her first year teaching after a six year absence from the classroom, no matter the source, was discriminatory or retaliatory.  However, despite the litany of interactions to which Plaintiff

claims to have taken offense, the Complaint is lacking in non-conclusory allegations regarding animus to support even a minimal inference of discrimination or retaliation.

Plaintiff's claims under Title VII and the SHRL are also subject to dismissal because Plaintiff has not alleged that the treatment she complains of had any tangible effect on her career.  Indeed, Plaintiff received an overall rating of "Effective" on her annual professional performance review for the year in question.[1]  Thus, Plaintiff's allegations are also not actionable under Title VII and the SHRL as Plaintiff fails to demonstrate that she suffered an adverse employment action.

Because the Complaint remains deficient after Plaintiff had the benefit of Defendant's pre-motion letter, the March 3, 2016 pre-motion conference with the Court, and after Plaintiff was afforded the opportunity to amend, the Complaint should be dismissed with prejudice.

**STATEMENT OF FACTS[2]**

Plaintiff is a tenured teacher employed by the DOE who self-identifies as "a Hindu female of Asian Guyanese descent."  See Complaint ("Compl.") at ¶ 7-8, 12, ECF No. 1.

In 2001, the DOE hired Plaintiff to serve as a 6th grade substitute teacher.  See id. at ¶ 8.  In 2002, Plaintiff was appointed to be a full-time 6th grade teacher, teaching all subject

---

[1] In the complaint, Plaintiff alleges that she received an overall rating of "developing" for the 2014-2015 school year.  See Complaint ("Compl.") at ¶ 7-8, 12, ECF No. 1.  Plaintiff is incorrect.  See 2014-2015 Annual Professional Performance Review for Poonita Beemsigne ("2014-2015 APPR"), Renaghan Decl. Ex. B.

[2] This statement of facts is derived from the allegations in, and exhibits to, the Complaint, and the exhibits annexed to the Declaration of Assistant Corporation Counsel Sean R. Renaghan, dated May 26, 2016 ("Renaghan Decl.").  Any references to lettered exhibits herein are to the exhibits annexed to the Renaghan Decl.  This Court may consider these exhibits in reviewing this motion.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Lakonia Management Ltd. v. Meriwether, 106 F. Supp. 2d 540, 543 (S.D.N.Y. 2000).

areas.  See id. at ¶ 9.

In 2005, Plaintiff left her teaching assignment to participate in an internship on school administration at DOE school I.S. 229.  See id. at ¶ 11.  From 2005 through 2007, Plaintiff acted as a staff developer for the DOE's Region 5.  See id. at ¶13.

For the 2007-2008 school year, the DOE placed Plaintiff in a teaching position at DOE school J.H.S. 302, the Rafael Cordero School.  See id. at ¶ 14.  After one year, Plaintiff returned to administrative duties when she was hired by Principal Sharon Terry to take a technology staff developer position at DOE school I.S. 230, the Magnet School for Civics in the Community ("I.S. 230").  See id. at ¶¶ 15-16.  From 2008 through the 2011-2012 school year, Plaintiff was a technology staff developer at I.S. 230.  See id. at ¶¶ 15-17.  Plaintiff claims that, during her time as a technology staff developer at I.S. 230, she received only satisfactory performance ratings.  See id. at ¶ 16.

Beginning in September 2012, Plaintiff took a two year leave of absence from I.S. 230.  See id. at ¶¶ 17-19.  While Plaintiff was on leave, during the 2013-2014 school year, the DOE implemented a new evaluation system for teachers, which employs the Danielson framework.[3]  See id. at ¶¶ 22, 27.

In June 2014, while Plaintiff was still on leave, Principal Terry resigned from her position at I.S. 230 and was replaced by Ronald Zirin ("Principal Zirin").  See id.  at ¶¶17-19.

Plaintiff returned to I.S. 230 for the 2014-2015 school year.  See id. at ¶ 19.  Upon her return to I.S. 230, Plaintiff was assigned to teach 6th grade social studies classes.  See id. at ¶¶

---

[3] Within the Danielson framework, various components of a teacher's performance are scored on the HEDI scale, which corresponds to ratings of: "Highly Effective," "Effective," "Developing," and "Ineffective."   See Compl. at ¶ 27, ECF No. 1, 2014-2015 Measures of Teacher Practice Summary Report for Poonita Beemsigne ("2014-2015 MOTP Summary Report"), Renaghan Decl. Ex. A.

9, 24.  Plaintiff claims that her social studies classes included two classes with special education students integrated into the class and two classes with students who speak English as a second language in the class.  See id. at 24.

In August 2014, Plaintiff met with Principal Zirin, at which time Plaintiff claims that Principal Zirin said that he "didn't think [Plaintiff was] going to come back." See id. at ¶ 20. Plaintiff contacted Assistant Principal Barbara Newkirk ("Newkirk"), who directed Plaintiff to attend a new teacher event on August 28, 2014.  See id. at ¶¶ 21-22.  Plaintiff complains that no training specific to her subject area or on the Danielson evaluation framework was given at this event.  See id.  Plaintiff also complains that she asked an English teacher for a lesson plan at this event, and while she did receive a lesson plan from this English teacher, it did not contain substantive information for a social studies class.  See id. at ¶ 23.

Plaintiff claims that, in early September 2014, she e-mailed a "framework lesson planning" question to Assistant Principal Newkirk, and that Assistant Principal Newkirk provided her response to Plaintiff and other sixth grade teachers at I.S. 230.  See id. at ¶ 25. Plaintiff claims that this caused her to suffer embarrassment.  See id.

Plaintiff also complains that she had not been provided with training on the Danielson framework, lesson plans, and social studies materials by the start of the 2014-2015 school year.  See id. at ¶ 24.  As a result, in September 2014, Plaintiff "addressed her concerns" to Principal Zirin.  See id. at ¶ 26.  In response, on October 1, 2014, Principal Zirin sent Plaintiff an official social studies curriculum and a 103-page document on the Danielson framework, which Plaintiff claims was insufficient.  See id. at ¶ 27.

On October 15, 2014, Assistant Principal Newkirk conducted an informal observation of Plaintiff's fourth period social studies class.  See id. at ¶ 29.  Assistant Principal

Newkirk rated this lesson as "developing" in two instructional components and as "ineffective" in two instructional components.  See id.

Plaintiff claims that, on or around October 18, 2014, she met with Principal Zirin to express frustration with her poor evaluation and to complain about an alleged lack of training and assistance.  See id. at ¶ 31.  At around that time, Principal Zirin assigned Plaintiff a mentor, Arline Cazes ("Cazes"), to provide Plaintiff with "additional, informal and non-evaluative[] support."  See id. at ¶ 32.  Thereafter, Cazes observed Plaintiff's performance on an informal basis and met with Plaintiff during her preparation periods to provide feedback.  See id.  Plaintiff claims that Cazes was critical of Plaintiff, allegedly stating that "[Plaintiff] should consider another career or [she] should stay at home if [she] can afford it."  See id.

On October 24, 2014, Principal Zirin and Assistant Principal Newkirk met with Plaintiff to discuss her observations and her complaints about the supposed lack of support.  See id. at ¶ 33.  Plaintiff claims that, during this meeting to discuss Plaintiff's performance and complaints, Principal Zirin stated: "'where did you come from?' 'what are you doing here?' 'I don't know anything about you!' 'how did you get this job?.'"  See id.  Plaintiff also claims that Principal Zirin and Assistant Principal Newkirk did not provide her with guidance during this meeting and that Principal Zirin said that "[Plaintiff] should be happy if [she] get[s] a developing rating this year."  See id.

On October 27, 2014, Principal Zirin informed Plaintiff that he had arranged for her to visit and observe lessons taught by two of her social studies colleagues.  See id. at ¶ 34.

On November 10, 2014, Plaintiff filed a complaint with the DOE challenging the informal observation report for her October 15, 2014 lesson and also filed a union grievance concerning the alleged "lack of books for students."  See id. at ¶ 35.  Principal Zirin met with

Plaintiff on November 17, 2014 to discuss her challenge to her October 15 observation report, at which time Plaintiff claims that her union's district representative "determined" that the lesson was "effective." See id. at ¶ 37. As a result of Plaintiff's complaint, Principal Zirin revised some of the feedback in Plaintiff's October 15 informal observation report, but left the overall ratings of Plaintiff's performance during this lesson the same. See id.

On November 14, 2014, Principal Zirin conducted an informal observation of Plaintiff's social studies class. See id. at ¶ 36. Principal Zirin rated this lesson as "developing" in one instructional component and "ineffective" in three other instructional components. See id.

On November 25, 2014, Plaintiff claims that Principal Zirin and Assistant Principal Bibi Rahamatulla discussed "getting rid of" Plaintiff while standing outside of Plaintiff's classroom. See id. at ¶ 38. According to Plaintiff, Assistant Principal Rahamatulla is a female of Guyanese descent. See id. Plaintiff claims that during this conversation, Principal Zirin said to Assistant Principal Rahamatulla: "You are her type of people. You should know how to get rid of her." See id.

On December 16, 2014, Principal Zirin wrote Plaintiff to set up a meeting to discuss Plaintiff's behavior during a professional development session. See id. at ¶ 39.

On December 18, 2014, Principal Zirin's secretary gave Plaintiff a copy of her observation report for the November 14 observation and asked Plaintiff to sign it. See id. at ¶ 40. After Plaintiff refused to sign, Principal Zirin informed Plaintiff that the report would then indicate that she had refused to sign. See id. Plaintiff claims that this statement intimidated her into signing the report. See id. Plaintiff subsequently filed a complaint with the DOE challenging the contents of the observation report. See id. at ¶ 43.

On December 30, 2014, Plaintiff claims that she sent "a letter of intent to sue to

the DOE," in which she allegedly complained of gender and national origin discrimination.  See id. ¶ 42.

Upon Plaintiff's return to work following winter break, on January 5, 2015, Assistant Principal Newkirk scheduled a meeting with Plaintiff to discuss giving Plaintiff "additional support and assistance regarding her lessons and materials used."  See id. at ¶ 44. Plaintiff claims that, after she requested that the meeting be delayed, Assistant Principal Newkirk accused Plaintiff of not wanting to meet and not accepting support.  See id.

Plaintiff was scheduled to have one of her lessons formally observed on January 21, 2015.  See id. at ¶ 45.  Plaintiff requested that this formal observation be adjourned, claiming that she had not yet received formal training on the Danielson rubric, and Assistant Principal Newkirk granted this request.  See id.  Plaintiff thereafter attended a formal training on the Danielson framework on January 16, 2015, which Plaintiff claims was insufficient.  See id. at ¶ 46.  Plaintiff then again requested that her formal observation be adjourned, and Principal Zirin denied this request.  See id.  Plaintiff complains that Principal Zirin subsequently denied Plaintiff's request for additional formal training on the Danielson framework and separately told Plaintiff: "You will never win"; "whatever you say in this building will come back to me"; and "I didn't even know you had a lawsuit."  See id. at ¶¶ 47-48.

On January 27, 2015, a meeting was held to discuss Plaintiff's complaints concerning her November 14, 2014 observation report.  See id. at ¶ 50.  Following this meeting, Principal Zirin changed Plaintiff's ratings for this observation from "Ineffective" to "Developing" in three of the instructional components and allegedly stated that "I'm not changing it because of the lawsuit, but because you're being positive."  See id.

On January 28, 2015, Assistant Principal Newkirk formally observed one of

Plaintiff's classes.  See id. at ¶ 51.  Assistant Principal Newkirk rated Plaintiff's performance during this lesson as "Developing" in three instructional components and as "Effective" in three instructional components.  See id.

Plaintiff complains that, at unspecified times in February and March 2015, Plaintiff was asked to cover classes for other teachers during her professional preparation period.  See id. at ¶ 52.  Plaintiff claims that, on March 13, 2015, she fainted while covering a gym class after Assistant Principal Rahamatulla instructed her to walk around the room while supervising the students.  See id. at ¶ 53-54.  Plaintiff subsequently went to the hospital and later filed a line of duty injury report for this occurrence, requesting that the several days she took off from work following this incident be excused.  See id. at ¶ 54-55.  Assistant Principal Donna Vitale ("Assistant Principal Vitale") and Principal Zirin subsequently accused Plaintiff of submitting a false line of duty injury report and referred the issue to the Special Commissioner of Investigation for the New York City School District for investigation.  See id. at ¶ 57-58.

In March 2015, Plaintiff filed a Charge of Discrimination with the United Stated Equal Employment Opportunity Commission.  See id. ¶ 4.

Plaintiff claims that, in April 2015, Assistant Principal Newkirk falsely stated to Plaintiff that she had not received the instructional documents that Plaintiff had allegedly given to Assistant Principal Newkirk to sign off on.  See id. at ¶ 56.

In May 2015, the EEOC terminated its investigations of Plaintiff's charge and issued Plaintiff a right to sue letter.  See id. ¶ 4.

In June 2015, Plaintiff's observation reports were totaled to give Plaintiff a score corresponding to a rating of "Developing" on the "Measures of Teacher Practice" subcomponent of her annual rating.  See 2014-2015 MOTP Summary Report, Renaghan Decl. Ex. A; Compl. at

¶ 59, ECF No. 1.  When integrated with the other scores taken into account for Plaintiff's annual rating, Plaintiff received an overall performance rating of "Effective" on her 2014-2015 Annual Professional Performance Review.  See 2014-2015 Annual Professional Performance Review for Poonita Beemsigne ("2014-2015 APPR"), Renaghan Decl. Ex. B.

## ARGUMENT
### POINT I
### THE COMPLAINT FAILS TO STATE A CLAIM.

      To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678 (citation omitted).  Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citation omitted).  Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must, therefore, be dismissed.  Id.; Twombly, 550 U.S. at 557, 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

      In the context of an employment discrimination complaint, this "requirement to plead facts is assessed in light of the presumption that arises in the plaintiff's favor under McDonnell Douglas [Corp. v. Green, 411 U.S. 792 (1973),] in the first stage of the litigation."

Littlejohn v. City of New York, 795 F.3d 297, 310 (2d Cir. 2015).  As such, absent direct evidence of discrimination, to survive a motion to dismiss a complaint of discrimination "must be plausibly supported by facts alleged . . . that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Id. at 311 (emphasis added).

Here, not only do the acts alleged fail to amount to adverse employment actions under federal and state law, but the Complaint lacks factual allegations sufficient to create even a minimal inference of discriminatory or retaliatory animus.  As such, the Complaint fails to plausibly plead a claim of discrimination, retaliation, or hostile work environment.

**A.      Plaintiff Fails to Plausibly Plead a Claim of Disparate Treatment Discrimination.**

Claims of disparate treatment in employment under Title VII are analyzed using the burden shifting analysis of McDonnell Douglas.  See Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010).  To establish a prima facie case of discrimination under this framework, "a plaintiff must show that (1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." Ruiz, 609 F.3d at 491-92.  The same standard is applied to discrimination claims under the New York State Human Rights Law ("SHRL").  See Brown v. Daikin Am., Inc., 756 F.3d 219, 226 n.7 (2d Cir. 2014).

While courts must analyze claims of discrimination brought under the New York City Human Rights Law ("CHRL") independently, "[t]he plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109-110 (2d Cir. 2013).  Therefore, where a plaintiff fails

to plead facts creating an inference that "she has been treated less well than other employees because of her protected status[,] or that discrimination was one of the motivating factors for the defendant's conduct," she fails to plead a cause of action for discrimination under the CHRL. Chin v. N.Y.C. Hous. Auth., 106 A.D.3d 443, 445 (1st Dep't 2013), appeal denied, 22 N.Y.3d 861 (2014).

> **(i)  Plaintiff Has Not Alleged Facts That Plausibly Give Rise to Even a Minimal Inference of Discrimination.**

As discussed above, to set forth a claim of disparate treatment, Plaintiff must allege facts giving rise to an inference that the actions alleged were taken because of her protected class.  A plaintiff cannot avoid dismissal by merely alleging that she is a member of a protected class and suffered some adverse employment action.  See Ortiz v. Standard & Poor's, No. 10 Civ. 8490 (NRB), 2011 U.S. Dist. LEXIS 99122, at *14 (S.D.N.Y. Aug. 29, 2011) ("The fact that plaintiff was (a) fifty-nine years old and (b) terminated, cannot, without more, constitute a plausible age discrimination claim"); Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK) (JCF), 2002 U.S. Dist. LEXIS 25216, at *9 (S.D.N.Y. Oct. 15, 2002) (plaintiff "alleges no facts that indicate she was denied a job under circumstances giving rise to an inference of discrimination. Thus, she cannot establish a prima facie case").

Moreover, while a plaintiff may raise an inference of discrimination by alleging that she was treated less favorably than similarly situated employees not in the plaintiff's protected group, such allegations must demonstrate that the other employees are "sufficiently similar 'to support at least a minimal inference that the difference of treatment may be attributable to discrimination.'"  Hernandez v. City of New York, No. 11-CV-3521 (SJ) (RER), 2013 U.S. Dist. LEXIS 31793, at *12 (E.D.N.Y. Feb. 13, 2013) (citing McGuinness v. Lincoln Hall, 263 F.3d 49, 54 (2d Cir. 2001)).  Thus, to reach a plausible level, a plaintiff must allege

more than conclusory statements about purportedly "similar" comparators.  See Littlejohn, 795 F.3d at 312; Roman-Malone v. City of New York, 11 Civ. 8560 (PAC), 2013 U.S. Dist. LEXIS 104368, at *17-18 (S.D.N.Y. July 25, 2013) (granting motion to dismiss and noting that "[t]he Amended Complaint fails to identify the other Caucasian employees or explain how they were similarly situated"); Hernandez, 2013 U.S. Dist. LEXIS 31793, at *13 (granting motion to dismiss where Plaintiff's provided "little detail[ ]" regarding alleged comparators); Deras v. Metro. Transp. Auth., 11-CV-5912 (RRM) (CLP), 2013 U.S. Dist. LEXIS 40456, at *32 (E.D.N.Y. Mar. 22, 2013) (plaintiff "ha[d] failed to describe the context of [the comparator] incidents or the discipline that was involved, and thus has failed to allege facts to support a plausible inference of discrimination").

Here, Plaintiff makes allegations concerning the treatment of purportedly "similarly situated employees," or her supervisors' comparative response to purportedly "similar" actions.  See Compl. at ¶¶ 26, 27, 29, 30-32, 34, 38, 48-49, 53, 56, 58, ECF No. 1. However, Plaintiff repeatedly fails to allege facts to support her conclusory assertions that such comparators are in fact "similar."  See id.  Indeed, in the single instance where Plaintiff provides anything other than demographic information for an alleged comparator, the facts alleged demonstrate that the comparator was not similarly situated. See Compl. at ¶ 27, ECF No. 1 (attempting to compare the training received by a teacher new to the DOE with that given to Plaintiff, who had been employed by the DOE for more than 10 years).  Because there are no facts from which the Court could conclude that these alleged comparators were in fact similar, not even a minimal inference of discrimination can arise from these conclusory allegations.  See Littlejohn, 795 F.3d at 312 ("adverse actions taken against employees who are not similarly situated cannot establish an inference of discrimination") (citing Mandell v. Cnty. of Suffolk,

316 F.3d 368, 379 (2d Cir. 2003) (explaining that a plaintiff attempting to "show[] that the employer treated [her] less favorably than a similarly situated employee outside [her] protected group . . . must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself")); see also Dooley v. Jetblue Airways Corp., No. 15-1356-cv, 2015 U.S. App. LEXIS 22046, at *9 (2d Cir. Dec. 18, 2015) (affirming dismissal of plaintiff's Title VII discrimination claim because the facts alleged did not allow the court to conclude that the purported comparators were in fact similarly situated).

While Plaintiff may attempt to fall back on her allegation that Principal Zirin supposedly told Assistant Principal Rahamatulla – "You are her type of people. You should know how to get rid of her" – even if true, this comment itself does not imply any animus about Plaintiff's sex, national origin, or religion. See Compl. at ¶ 38, ECF No. 1. Indeed, the Assistant Principal to whom this comment was allegedly made, who Plaintiff admits is of the same gender and national origin as Plaintiff, is one of the many administrators that Plaintiff claims to have treated her unfairly.[4]  See id. ¶¶ 38, 54. Accordingly, not only does the Complaint lack facts to support even a minimal inference of discriminatory animus, but the facts alleged actually undercut Plaintiff's claim. See White v. Pacifica Found., 973 F. Supp. 2d 363, 380 (S.D.N.Y. 2013) (holding that, although not dispositive, the fact two of the three decision makes were members of plaintiff's protected class "undermines any possible inference of discriminatory animus") (collecting cases); Fosen v. New York Times, No. 03-cv-3785, 2006 U.S. Dist. LEXIS 75662, at *14-*15 (S.D.N.Y. Oct. 11, 2006); Drummond v. IPC Int'l, Inc., 400 F. Supp. 2d 521, 532 (E.D.N.Y. 2005) ("a well-recognized inference against discrimination exists where the person who participated in the allegedly adverse decision is also a member of the same protected

---

[4] Similarly, Plaintiff repeatedly alleges that females discriminated against her, at least in part, because of her gender. See Compl. at ¶¶ 24-25, 29, 32-33, 44, 51-54, 57-58, ECF No. 1.

class").

### (ii) Plaintiff Has Not Suffered an Adverse Employment Action Under Title VII or the SHRL.

Title VII and the SHRL require that plaintiff suffer some adverse employment action before bringing a discrimination claim.  In this context, "[a] plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., 483 F. App'x 660, 662 (2d Cir. 2012) (citing Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000)).

For an employment action to be materially adverse, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." Id.  "Everyday workplace grievances, disappointments, and setbacks do not constitute adverse employment actions within the meaning of Title VII." La Grande v. DeCrescente Distrib. Co., 370 F. App'x 206, 211 (2d Cir. 2010).  Likewise, negative evaluations, written reprimands, and disciplinary meetings do not constitute adverse employment actions "absent some accompanying adverse result such as demotion, diminution of wages, or other tangible loss." Browne v. City Univ. of N.Y., 419 F. Supp. 2d 315, 332 (E.D.N.Y. 2005) (collecting cases), aff'd, 202 F. App'x 523 (2d Cir. 2006); see also Blythe v. City of New York, No. 08-CV-2843 (RRM) (CLP), 2013 U.S. Dist. LEXIS 109701, at *27 (E.D.N.Y. Aug. 5, 2013) ("the discipline plaintiff suffered . . . including receiving a reprimand, attending a disciplinary meeting, and receipt of . . . disciplinary letter was not a materially adverse change"); Giscombe v. N.Y.C. Dep't of Educ., No. 12 Civ. 464 (LTS) (KNF), 2013 U.S. Dist. LEXIS 27941, at *14-15 (S.D.N.Y. Feb 28, 2013) (dismissing plaintiff's disparate treatment claim where the complaint "[did] not identify any materially adverse changes in Plaintiff's employment resulting from . . . unspecified 'disciplining' . . . or from his Unsatisfactory rating."); Taylor v. N.Y.C. Dep't of Educ., 11-CV-3582, 2012 U.S. Dist. LEXIS

- 14 -

170917, at \*21 (E.D.N.Y. Nov. 30, 2012) (dismissing complaint where plaintiff did not allege that negative performance evaluations "trigger[ed] negative consequences to the conditions of employment").

Here, Plaintiff complains about critical supervisory feedback, the adequacy of the training she received after returning from a two year leave of absence, the population of students in her classes, and being accused of submitting a false injury report. See generally Compl., ECF No. 1. Notably, there is no allegation that Plaintiff's career suffered in any tangible way as a result of these acts.[5] See id. Indeed, while Plaintiff focuses on the criticism of her performance, Plaintiff actually received an overall rating of "Effective," the second highest performance rating available, on her annual performance review for the school year at issue. See 2014-2015 APPR, Renaghan Decl. Ex. B.

Accordingly, Plaintiff's allegations fail to rise to the level of adverse employment actions. See Dowrich-Weeks v. Cooper Square Realty, Inc., 535 F. App'x 9, 11-12 (2d Cir. 2013) (negative remarks about plaintiff, moving plaintiff from an office to a cubicle, and not permitting plaintiff to take advantage of an alternative work schedule were not adverse employment actions); Spaulding v. N.Y. City Dep't of Educ., No. 12 Civ. 3041 (KAM) (VMS); 2015 U.S. Dist. LEXIS 127076, at \*127-35 (E.D.N.Y. Feb. 19, 2015) (holding that negative performance reviews, a purported denial of training, and a purported false allegation against plaintiff were not adverse employment actions) (citation omitted), adopted by, 2015 U.S. Dist. LEXIS 126292 (E.D.N.Y. Sept. 21, 2015); Ulrich v. Moody's Corp., No. 13-CV-00008 (VSB), 2014 U.S. Dist. LEXIS 138082 (S.D.N.Y. Sept. 30, 2014) ("Constructive criticism and

---

[5] There is no allegation that Plaintiff's salary or benefits were ever reduced and, although Plaintiff claims that other employees were selected for additional work, there is no allegation that Plaintiff ever sought and was denied any such work. See Compl., ECF No. 1.

evaluation plans are generally not adverse actions for purposes of a discrimination or retaliation" claim) (citations omitted); <u>Inguanzo v. Hous. & Servs., Inc.</u>, 12-CV-8212 (ER), 2014 U.S. Dist. LEXIS 132197, *44 (S.D.N.Y. Sept. 19, 2014) ("there is no adverse employment action when an employee cannot show material harm from a denial of training, such as a failure to promote or a loss of career advancement opportunities") (citation omitted); <u>Chung v. City Univ. of N.Y.</u>, 12 Civ. 4045 (GBD)(RLE), 2014 U.S. Dist. LEXIS 124601 (S.D.N.Y. Aug. 26, 2014) (tasking plaintiff with "lower level" assignments, questioning plaintiff, and excluding plaintiff from training and staff meetings were not adverse employment actions); <u>Sotomayor v. City of New York</u>, 862 F. Supp. 2d 226, 254 (E.D.N.Y. 2012) ("Criticism of an employee in the course of evaluating and correcting her work is not an adverse employment action") (citation omitted) (collecting cases), <u>aff'd</u>, Docket No. 12-2319-cv, 2013 U.S. App. LEXIS 7357 (2d Cir. Apr. 11, 2013); <u>Browne</u>, 419 F. Supp. 2d at 332; <u>Castro v. New York City Bd. of Educ. Personnel Dir.</u>, 96 Civ. 6314 (MBM), 1998 U.S. Dist. LEXIS 2863, *19 (S.D.N.Y. Mar. 11, 1998) ("[defendant's] decision to assign plaintiff to teach second grade and to place students with special needs in her class neither deprived plaintiff of an opportunity nor caused her to suffer any attendant negative result such as demotion, suspension or loss of wages").

As such, Plaintiff has failed to plausibly allege a disparate treatment claim.

**B.     Plaintiff Has Failed to Plausibly Allege a Hostile Work Environment.**

Plaintiff's hostile work environment claim fails for reasons substantially similar to her disparate treatment claim.

It is "axiomatic" that a plaintiff alleging a hostile work environment "must demonstrate that the conduct occurred because of" a protected characteristic.  <u>Alfano v. Costello</u>, 294 F.3d 365, 374 (2d Cir. 2002); <u>see</u> <u>Oncale v. Sundowner Offshore Servs.</u>, 523 U.S. 75, 79-80 (1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is

directed only at 'discrimination...because of...sex'" or other protected categories) (emphasis in original). As the Second Circuit has noted:

> Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude. It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination. Otherwise, the federal courts will become a court of personnel appeals.

Alfano, 294 F.3d at 377.  This requirement also holds true under the CHRL.  See Mihalik, 715 F.3d at 109-110.

As demonstrated above, there are no facts in the Complaint from which one could plausibly infer that any action occurred because of Plaintiff's sex, national origin, or religion. See Pt. I.A.i, supra.  Accordingly, on this basis alone, Plaintiff has failed to plausibly allege a hostile work environment.

Further, to set forth a hostile work environment claim under Title VII and the SHRL, "[t]he plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered."  Alfano, 294 F.3d at 373.  Although Plaintiff characterizes her treatment as "hostile," her allegations focus on the manner in which Plaintiff's supervisors provided her with constructive feedback, and do not rise to the level of "intimidation, ridicule, and insult." See id.  Indeed, many of the supposedly "hostile" statements alleged appear to be no more than attempts to provide Plaintiff with support or critical assessments of Plaintiff's performance to which Plaintiff took offense.  See, e.g. Compl. at ¶ 25, 32, 33, 44, ECF No. 1.

Courts in this Circuit have consistently and emphatically rejected such claims even where the allegations were far more severe or pervasive.  See, e.g. Alfano, 294 F.3d at 374,

379 (stating that "incidents must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive,'" granting judgment for defendant where plaintiff listed 12 incidents in support of her hostile work environment claim) (citation omitted); Brown v. Coach Stores, 163 F.3d 706, 713 (2d Cir. 1998) (finding occasional racist remarks made by a supervisor insufficient to state a hostile work environment claim); Davis-Molinia v. Port Auth. of N.Y. & N.J., 08 CV 7584 (GBD), 2011 U.S. Dist. LEXIS 93868, at *44, (S.D.N.Y. Aug. 19, 2011) (granting summary judgment despite one plaintiff making over 16 allegations, and noting that "[t]he gravamen of their claims is rooted in conduct that amounts to nothing more than workplace dynamics — that is, personal enmity or personality conflicts"), aff'd, 488 F. App'x 530 (2d Cir. 2012); Costello v. New York State Nurses Ass'n, 783 F. Supp. 2d 656, 679-80 (S.D.N.Y. 2011) (granting defendants summary judgment on plaintiff's hostile work environment claims, which "consisted primarily of being inundated with emails and micromanaged by her supervisors"); Nugent v. St. Luke's/Roosevelt Hosp. Ctr., 05 Civ. 5109 (JCF), 2007 U.S. Dist. LEXIS 28274, at *58 (S.D.N.Y. Apr. 18, 2007) ("as a matter of law, a supervisor's occasional use of sexist language does not create a hostile work environment") (collecting cases), aff'd, 303 F. App'x 943 (2d Cir. 2008).

Accordingly, Plaintiff fails to plausibly plead a hostile work environment claim.

C.     **Plaintiff's Has Failed to Plausibly Allege Retaliation.**

A prima facie case of retaliation under Title VII requires a plaintiff to "demonstrate that '(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action.'" Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C., 716 F.3d 10, 14 (2d Cir. 2013) (citation omitted). Moreover, "Title VII retaliation claims require proof that the desire to retaliate was the but-for

cause of the challenged employment action." <u>Univ. of Tex. Southwestern Med. Ctr. v. Nassar</u>, 133 S. Ct. 2517, 2528 (2013).  The standard for evaluating a claim of retaliation under the SHRL once again mirrors that under Title VII.  <u>See</u> <u>Kelly</u>, 716 F.3d at 14.

"To establish a <u>prima facie</u> case of retaliation under the [CHRL], a plaintiff must show that: (1) [s]he participated in a protected activity; (2) the defendant knew about [her] participation; (3) the defendant took an employment action that disadvantaged the plaintiff <u>in any manner</u>; and (4) a causal connection existed between the protected activity and the negative employment action."  <u>Fattoruso v. Hilton Grand Vacations Co.</u>, 525 F. App'x 26, 27 (2d Cir. 2013) (emphasis in original).

### (i) Plaintiff Has Not Alleged Facts That Plausibly Establish a Causal Connection to Any Purported Protected Activity.

Plaintiff claims that she was retaliated against after she allegedly "sent a letter of intent to sue to the DOE."  <u>See</u> Compl. at ¶ 42, ECF No. 1.  However, the Complaint contains no facts that could support any claim that Plaintiff suffered "retaliation" on account of any protected activity.[6]

Several of the acts complained of, such as Assistant Principal Vitale and Principal Zirin accusing Plaintiff of submitting a false injury report in June 2015, are too attenuated from Plaintiff's December 2014 letter to the DOE to create an inference of retaliatory animus.  <u>See</u>

---

[6] Plaintiff makes conclusory allegations about purportedly "[s]imilarly situated employees who had not complained of discrimination."  <u>See</u> Compl. at ¶¶ 48, 53, 56, 58, ECF No. 1.  However, as discussed in more detail in Point I.A.i, <u>supra</u>, these conclusory allegations, which lack any facts that would allow the Court to conclude that the individuals referred to were in fact similarly situated in all material respects, are insufficient to create any inference of improper animus.  <u>See</u> <u>Littlejohn</u>, 795 F.3d at 312; <u>Redd v. New York State Div. of Parole</u>, 923 F. Supp. 2d 371, 391 (E.D.N.Y. 2012) (holding that plaintiff's allegations about allegedly similarly situated employees were insufficient to support a retaliation claim because plaintiff "has not shown that other [employees] who were 'similarly situated in all material respects' were treated differently from her").

Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close'"); Riddle v. Citigroup, 15-233-cv, 2016 U.S. App. LEXIS 3667, at *3-4 (2d Cir. Feb. 29, 2016) (relying on Breeden and citing, among other cases, the Second Circuit's decision in Hollander v. American Cyanamid Co., 895 F.2d 80, 86 (2d Cir. 1990), as an example of where a "three-and-a-half-month lapse between complaint and adverse action" was insufficient); Brown v. City of New York, 14 Civ. 2668 (PAE), 2014 U.S. Dist. LEXIS 150577, at *25-26 (S.D.N.Y. Oct. 23, 2014) ("'District courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation'") (citation omitted), aff'd, 622 F. App'x 19, 19 (2d Cir. 2015).

Moreover, the acts that form the focus of Plaintiff's retaliation claim are no more than the continuation of the criticism of Plaintiff's performance that began well before Plaintiff's purported "letter of intent to sue."[7] See Compl. at ¶¶ 44, 48, 51-53, 56, 59, ECF No. 1. Having begun before Plaintiff's purportedly protected activity, no inference of retaliation can arise. See Nicastro v. N.Y. City Dep't of Design & Constr., 125 F. App'x 357, 358 (2d Cir. 2005) ("'where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise'") (quoting Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001)); Chung, 2014 U.S. Dist. LEXIS 124601, at *7-8 ("Plaintiff's alleged protected activity cannot be

---

[7] Indeed, the "Developing" score reflected in the Measures of Teacher Practice subcomponent of Plaintiff's annual rating, which Plaintiff received in June 2015, states on its face that it is calculated from the observations that had taken place earlier in the year. See 2014-2015 MOTP Summary Report"), Renaghan Decl. Ex. A.

the but-for cause of actions that were already allegedly being taken against Plaintiff before he engaged in the protected activity").

Lacking any factual allegations supporting a plausible causal connection to her alleged protected activity, Plaintiff's retaliations claims must fail.

### (ii) Plaintiff's Retaliation Claims Do Not Set Forth an Adverse Employment Action Under Either Title VII or the SHRL.

Plaintiff's claims of retaliation, even had they been supported by the necessary factual allegations, also fail to amount to adverse employment actions under Title VII and the SHRL.

In the context of a retaliation claim, an adverse employment action is one that is "materially adverse to a reasonable employee or job applicant," and must be "'harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" Hicks v. Baines, 593 F.3d 159, 165 (2d Cir. 2010) (quoting Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 57 (2006)).

Plaintiff's allegations of retaliation focus on the criticism of Plaintiff's work that she received in the second half of the 2014-2015 school year, the continued alleged inadequacy of the training provided to Plaintiff, and the allegedly false accusation that Plaintiff submitted a false injury report (for which Plaintiff does not claim that she ever suffered any discipline). See Compl. at ¶¶ 42-60, ECF No. 1. These actions do not amount to adverse employment actions for the purpose of a retaliation claim. See Cox v. Onondaga Cnty. Sheriff's Dep't, 760 F.3d 139, 145-148 (2d Cir. 2014) ("An employer's investigation of an . . . complaint . . . without more . . . cannot sustain a valid retaliation complaint"); Petyan v. N.Y. City Law Dep't, 14-CV-1434 (GBD) (JLC), 2015 U.S. Dist. LEXIS 53380, at *38 (S.D.N.Y. Apr. 23, 2015) ("Courts in this Circuit regularly find that schedule changes and close monitoring do not constitute adverse

employment actions in the retaliation context") (collecting cases), <u>adopted by</u>, 2015 U.S. Dist. LEXIS 88188 (S.D.N.Y. July 2, 2015); <u>Ragin v. E. Ramapo Cent. Sch. Dist.</u>, 05 Civ. 6496 (PGG), 2010 U.S. Dist. LEXIS 32576, at *51-64 (S.D.N.Y. Mar. 31, 2010) ("In the retaliation context, it is clear from post-<u>White</u> decisions in this Circuit that a negative or critical evaluation will not constitute an adverse employment action unless the evaluation is accompanied by other adverse consequences") (citations omitted), <u>aff'd</u>, 417 F. App'x 81 (2d Cir. 2011).

In sum, the Complaint should be dismissed.  Because the Complaint remains deficient after Plaintiff had the benefit of Defendant's pre-motion letter, the March 3, 2016 pre-motion conference, and after Plaintiff was afforded the opportunity to amend, the Complaint should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's motion to dismiss the Complaint in its entirety with prejudice together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        May 26, 2016

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-112
New York, New York 10007
(212) 356-2452
srenagha@law.nyc.gov

By: _____/s/_____
        Sean R. Renaghan
        Assistant Corporation Counsel

Lawrence Profeta,
Sean R. Renaghan,
  Of Counsel.